UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ERNEAU LORQUET, *pro se*,                                    :
                                                             :
                            Plaintiff,                       :
                                                             :         **MEMORANDUM & ORDER**
              -against-                                      :         14-CV-6845 (DLI)(LB)
                                                             :
SCO FAMILY OF SERVICES; Bridges to                           :
Health,[1]                                                   :
                                                             :
                            Defendants.                      :
                                                             :
------------------------------------------------------------ x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff, Erneau Lorquet ("Plaintiff"), proceeding *pro se*, filed an amended complaint in the instant action on March 3, 2015 alleging that SCO Family of Services ("Defendants" or "SCO") unlawfully terminated his employment on the basis of a disability in violation of 42 U.S.C. § 1981. (Amended Complaint ("Am. Compl.") at 1, Dkt. Entry No. 14.) Specifically, Plaintiff asserts that Defendants terminated his employment because he suffered from dyslexia. (*Id*. at ¶ 10.)

Defendants move to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that: (1) Plaintiff improperly asserted his claim under § 1981, which only prohibits discrimination on the basis of race; and (2) Plaintiff's disability discrimination claim, which is considered properly under the Americans with Disabilities Act ("ADA") and New York State Human Rights Law, remains pending before the U.S. Equal Employment Opportunity Commission ("EEOC") and, thus, is not properly before this Court. (Defendants' Memorandum of Law in Support of Motion

---

[1] Plaintiff's original complaint was filed against Defendant "Tamika E. Foster of SCO Family of Services." (*See* Complaint ("Compl."), Dkt. Entry No. 1.) Bridges to Health is one of the many programs offered by SCO Family of Services. (*See* Amended Complaint ("Am. Compl."), Dkt. Entry No. 14.) Defendants' motion to dismiss is made in behalf of all Defendants. (Defendants' Memorandum of Law in Support of Motion to Dismiss ("Def. Mem. of Law") at 2, n. 1, Dkt. Entry No. 17-2.)

to Dismiss ("Def. Mem. of Law") at 2, Dkt. Entry No. 17-2.) Plaintiff failed to oppose this motion in a timely manner pursuant to the Court's February 9, 2016 Order directing him to respond to Defendants' motion by February 26, 2016. Accordingly, the motion is deemed unopposed. For the reasons set forth below, Defendants' motion to dismiss is granted in its entirety.

## BACKGROUND

Plaintiff was employed as a waiver service provider for SCO from October 2012 to October 2, 2013. (Am. Compl. at Statement of Claims ¶¶ 1, 10.) Plaintiff's job duties and responsibilities included assisting an emotionally disturbed adolescent male with vocational services and working to develop the behavioral skills of a nine-year old autistic child. (*Id*. at ¶¶ 2, 3.) Plaintiff performed these duties while under the immediate supervision of SCO Waiver Service Provider Manager Tamika E. Foster ("Foster"). (*Id*.)

Plaintiff claims, on January 23, 2013, that SCO suspended him from work for approximately eight weeks because Plaintiff incurred a traffic ticket that revoked his driving privileges for two days. (*Id*. at ¶¶ 5, 6.) Plaintiff further claims that, when Foster was on vacation from September 5, 2013 through September 19, 2013, another SCO Waiver Service Manager, Tara Kormoski ("Kormoski"), removed Plaintiff from one of his cases without cause. (*Id*. at ¶ 7.) Plaintiff states that, on September 25, 2013, Foster fabricated emails to him accusing him of failing to submit summary notes on his caseload. (*Id*. at ¶ 8.) Although Plaintiff delayed submitting the summary notes to Foster due to his dyslexia, Foster terminated his employment with SCO on October 2, 2013. (*Id*.) Plaintiff further asserts that Foster and SCO were aware that he suffered from dyslexia. (*Id*. at ¶¶ 8, 10.)

## DISCUSSION

I.  **Motion to Dismiss Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit,

and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007). The determination of whether a complaint states a plausible claim for relief signifies a content-specific task requiring the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

In reviewing the complaint, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted). While the heightened pleading standards set by *Twombly* and *Iqbal* are not necessarily dispensed with in considering *pro se* submissions, the court still must construe *pro se* complaints liberally. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, this liberal construction requirement does not absolve a *pro se* plaintiff of the obligation to "'plead sufficient facts to state a claim that is plausible on its face.'" *Chukwueze*, 891 F. Supp. 2d at 450 (quoting *Bodley v. Clark*, 11 Civ. 8955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012)).

Notwithstanding the pleading standards enumerated in *Twombly* and *Iqbal*, the Supreme Court has held that, to survive a Rule 12(b)(6) motion to dismiss, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. 2012) (quoting *Twombly*, 550 U.S. at 569) (internal quotation marks omitted). "Nevertheless, the elements of a prima facie case 'provide an outline of what is necessary to render [a plaintiff's employment discrimination]

claims for relief plausible.'" *Id.* (quoting *Sommersett v. City of New York*, 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011)).

II.     **Section 1981 Is Inapplicable**

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." *Young v. Lord & Taylor, LLC*, 937 F. Supp. 2d 346, 353 (E.D.N.Y. 2013). In the instant matter, Defendants correctly note that Plaintiff does not assert any claims of discrimination on the basis of race. (Def. Mem. of Law at 5-6.) The gravamen of Plaintiff's amended complaint concerns allegations of disability discrimination by Defendants. However, such allegations fall beyond the statutory scope of § 1981. Section 1981 only prohibits discrimination on the basis of race and a complaint asserting a claim under the statute for another type of discrimination must be dismissed. *Williams v. Jarrett*, 1988 WL 68832, *2 (E.D.N.Y. May 13, 1988) (dismissing a section 1981 claim because the plaintiff alleged disability discrimination and not racial discrimination); *Parker v. Metropolitan Transportation Authority*, 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2000) (dismissing Plaintiff's age and disability discrimination claims as inapposite under § 1981). Accordingly, Plaintiff's § 1981 claim is dismissed.

III.    **Americans With Disabilities Act Claim Is Untimely**

Although not asserted in his amended complaint, Plaintiff's disability discrimination claim more properly may be asserted under the ADA, 42 U.S.C. § 12101 *et seq*. On February 20, 2015, Plaintiff filed a charge of disability discrimination under the ADA with the EEOC. (Affidavit of

5

Ana Shields, Esq.[2] ("Shields Aff."), Exhibit D, EEOC Form, Dkt. Entry No. 17-1.) However, Plaintiff has not provided any evidence demonstrating that the EEOC has issued a Dismissal and Notice of Right to Sue letter yet. ADA claims may be brought in federal court only after a plaintiff files a timely charge of discrimination with the EEOC and obtains "a notice of right to sue letter from the EEOC." *Alarcon v. Nassau County Parks*, 2013 WL 685891, *1 (E.D.N.Y. Feb. 24, 2013).

In order for a charge of discrimination to be filed timely with the EEOC, the charge must be filed within 300 days after the alleged unlawful practice occurred. *Holowecki v. Federal Express Corp.*, 440 F.3d 558, 561 (2d Cir. 2006). Here, Plaintiff filed the charge of discrimination with the EEOC 506 days after the allegedly unlawful practice occurred. As such, the filing with the EEOC was untimely. Moreover, "[i]n order to be timely, a claim under the ADA must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011). Plaintiff has failed to provide any proof that he has received a right-to-sue letter from the EEOC. Accordingly, Plaintiff's disability discrimination claim under the ADA is untimely.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss this action is granted in its entirety.

SO ORDERED.
Dated: Brooklyn, New York
      March 31, 2016

                                  /s/
                              DORA L. IRIZARRY
                            United States District Judge

---

[2] Anna Shields, Esq. is a shareholder of Jackson Lewis P.C. law firm and serves as counsel for Defendants. (Shields Aff. at ¶ 1.)